# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Noel E. Alcantara,** | ) Civil Action No. 2:19-1546-MBS-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| **Allstate Crane Rental, Inc.,** | ) |
| Defendant. | ) |

This action has been filed by the Plaintiff, a former employee of the Defendant, alleging several employment discrimination claims. On July 2, 2019, the Defendant filed a motion pursuant to Rule 12(b)(6), Fed.R.Civ.P., to dismiss Plaintiff's Third Cause of Action asserting a claim for hostile work environment in violation of Title VII of the Civil Right Act of 1969, 42 U.S.C. § 2000e, et seq. The deadline for Plaintiff, who is represented by counsel, to respond to the Defendant's motion was July 16, 2019. However, Plaintiff has failed to file any response to the Defendant's motion, or to otherwise oppose the motion in any way.

Based on the foregoing, it is recommended that the Defendant's motion be **granted**, and that Plaintiff's Third Cause of Action asserting a claim for hostile work environment be **dismissed**. See Coker v. International Paper Co., No. 8-1865, 2010 WL 1072643, at * 2 (D.S.C. March 18, 2010) [Finding that Plaintiff abandoned claims by failing to address them in response to a dispositive motion]; Jones v. Daneck Medical, Inc., No. 96-3323, 1999 WL 1133272, at * (D.S.C.

1



Oct. 12, 1999) ["The failure of a party to address an issue raised in [a motion to dismiss] may be considered a waiver or abandonment of the relevant cause of action"].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 22, 2019
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).